Filed 6/21/21  P. v. Alexandre CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY ALEXANDRE,<br><br>    Defendant and Appellant. | D078457<br><br><br><br>(Super. Ct. No. SCD236372) |

APPEAL from an order of the Superior Court of San Diego County, Melinda J. Lasater, Judge.  Affirmed.

Anthony Alexandre, in pro. per.; and Matthew R. Garcia, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2016, Anthony Alexandre was convicted by a jury of corporal injury to a roommate (Pen. Code,[1] § 273.5, subd. (a)); stalking (§ 646.9, subd. (a)); false imprisonment by violence and menace (§§ 236 & 237); and attempting to dissuade a witness (§ 136.1, subd. (b)(1)).  The jury also found Alexandre had

_____

[1]    All further statutory references are to the Penal Code.

personally inflicted great bodily injury on the victim (§ 12022.7, subds. (a) & (e)).  Alexandre was sentenced to a determinate term of seven years four months in prison.

In 2020, Alexandre filed a petition to vacate his conviction under section 1473.7, subdivision (a)(2).[2]  The trial court denied the petition.  The court found Alexandre, who was then in federal custody, was on state parole, and thus, not eligible for relief under the statute.  The court also found the petition did not contain any evidence of actual innocence as required by the statute even if Alexandre was not in constructive custody.

Alexandre filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to review the record for error as mandated by *Wende*.  We offered Alexandre the opportunity to file his own brief on appeal.  He has responded by filing a supplemental brief.  We will discuss his submission later in this opinion.

## DISCUSSION

As we have noted appellate counsel has filed a *Wende* brief and asks the court to review the record for error.  To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following issue which was considered in evaluating the potential merit of this appeal:  Whether the trial court erred by denying Alexandre's motion to vacate his conviction pursuant to section 1473.7?

Alexandre filed a supplemental brief in this appeal.  The record of the prior trial is not before us, but he complains the original trial was improper.

---

[2]    Section 1473.7, subdivision (a)(2) provides:  "Newly discovered evidence of actual innocence exists that requires vacation of the conviction or sentence as a matter of law or in the interests of justice."

2

As best we can tell, there was a delay in prosecution as the crimes were committed in 2011 and the prosecution appears to have taken place in 2015 and 2016. Alexandre argues the prosecutor alleged he was out of state, tolling the speedy trial time. Alexandre now presents material to show he obtained a driver's license, received several tickets, and failed to appear for court proceedings in Los Angeles, thus substantiating his claim he did not leave the state until 2014.

Section 1473.7, subdivision (a)(2), requires the petitioner to be out of state custody. Alexandre does not deny he was on state parole and thus in constructive custody when the petition was filed. The section also requires a showing of factual innocence. No such material was contained in the petition and no material regarding factual innocence has been included in Alexandre's submission. Alexandre's argument is wholly based on alleged pretrial delay and his contention the trial court lacked jurisdiction to conduct the original trial. Alexandre's contentions do not come within the scope of section 1473.7, subdivision (a)(2), thus he has not raised any arguable issues for reversal on appeal.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Alexandre on this appeal.

## DISPOSITION

The order denying Alexandre's petition to vacate his conviction under section 1473.7, subdivision (a)(2) is affirmed.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

DO, J.